UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Cr. No.: 6:08-cr-00322-GRA-1 |
| | ) | |
| v. | ) | |
| | ) | |
| Richard Derrick Cline, | ) | **ORDER** |
| | ) | (Written Opinion) |
| Defendant. | ) | |
| _____ | ) | |

This matter comes before the Court upon Defendant Richard Derrick Cline's ("Defendant's") *pro se* motion for a reduction in the term of imprisonment based on a Guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission ("the Sentencing Commission") and motion to reduce sentence to remedy the disparity between crack cocaine and powder cocaine offenses.  ECF Nos. 52 & 53.  For the following reasons, Defendant's motions are DENIED.

**Background**

Defendant pled guilty to possession with intent to distribute crack cocaine and marijuana and being a felon in possession of a firearm, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), & (b)(1)(D),  and 18 U.S.C. §§ 922(g)(1), 924(a)(2), & 924(e), on May 21, 2009.  ECF No. 37.   This Court sentenced Defendant to a term of 135 months imprisonment and five (5) years supervised release on August 10, 2009.[1]  ECF Nos. 41 & 44.  Prior to sentencing, the Probation Office prepared

_____

[1] The judgment and commitment order were entered on August 19, 2009.  ECF No. 44.

a Presentence Investigation Report (the "PSR") and submitted it to this Court. The PSR calculated Defendant's recommended sentence based on a drug weight of 444 grams of crack cocaine.[2] Pursuant to U.S.S.G. § 2D1.1(c)(4) (2009), a drug weight of 444 grams of crack cocaine establishes a base offense level of thirty-two (32). Two points were added to the base offense level to account for Defendant's possession of a dangerous weapon, and three points were deducted for his acceptance of responsibility, yielding a total offense level of thirty-one (31). U.S.S.G. §§ 2D1.1(b)(1), 3E1.1(b). Defendant had a criminal history category of III, resulting in a sentencing range of 135 to 168 months imprisonment. U.S.S.G. Sentencing Table.

Defendant filed the present motions on March 14, 2013, and March 19, 2013, asking that this Court reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and to reflect a 1:1 crack-to-powder ratio.[3] ECF Nos. 52 & 53.

### Standard of Review

Defendant brings these motions *pro se*. This Court is required to construe *pro se* motions liberally. Such motions are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a motion filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v.*

---

[2] The Government and Defendant stipulated that a drug weight of ninety (90) grams would be used for sentencing purposes. In the PSR, the Probation Office converted $10,000.00 that was recovered as part of the Government's investigation to 354 grams of crack cocaine. Thus, Defendant was attributed with a total drug weight of 444 grams of crack cocaine.

[3] Prisoner motions are deemed filed when they are delivered to prison authorities for mailing to the court. *See Houston v. Lack*, 493 U.S. 920 (1989).

*MacDougall*, 454 U.S. 364, 365 (1982). A court may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir.1985), *cert. denied*, 475 U.S. 1088 (1986).

**Discussion**

**I. Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2)**

Section 3582(c)(2) of Title 18 of the United States Code provides that when a defendant's sentencing range has been lowered by the Sentencing Commission under the Guidelines, the Court may reduce the term of imprisonment after considering the factors set forth in § 3553(a) and the applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10.

In 2007, the Sentencing Commission attempted to remedy the disparate treatment of crack cocaine and powder cocaine offenses by amending the crack cocaine guidelines. On November 1, 2007, Amendment 706 went into effect, which lowered the base offense level for crack cocaine offenses by two levels. *See Kimbrough v. United States*, 552 U.S. 85, 99–100, 118 S. Ct. 558 (2007). Amendment 706 became retroactive on March 3, 2008. *See Dillon v. United States*, 560 U.S. ___, 130 S. Ct. 2683, 2688 (2010).

About two years later, the Fair Sentencing Act of 2010 ("the FSA") statutorily changed the threshold quantities of cocaine base, or "crack cocaine,"

that trigger mandatory minimum sentences under 21 U.S.C. § 841(b) and directed

the Sentencing Commission to amend the Guidelines to reflect these new levels "as

soon as practicable."  Fair Sentencing Act of 2010, Pub. L. No. 111−220, § 8(1),

124 Stat. 2372 (2010).  Thus, the Sentencing Commission promulgated

Amendment 750, which became effective on November 1, 2011, and was made

retroactive.  This amendment adjusts the base offense level assigned to each

threshold quantity of cocaine base, or "crack cocaine," downward to conform to

the FSA.  U.S.S.G. App. C, Amend. 750 (Nov. 1, 2011) (succeeding the temporary

emergency amendment, Amendment 748, enacted on November 1, 2010).

Defendant was first sentenced on August 10, 2009, with the following

sentencing range:

| | |
|---|---|
| Total Offense Level: | <u>31</u> |
| Criminal History Category: | <u>III</u> |
| Months Imprisonment: | <u>135 to 168</u> |

Taking into consideration these guidelines, the Court sentenced Defendant to a

term of 135 months imprisonment and five (5) years supervised release.  The

sentence was within the range suggested by the guidelines.  Further, Defendant's

sentence was not reduced pursuant to U.S.S.G. § 5K1.1, Rule 35, or a variance

under 18 U.S.C. § 3553(a), and it was rendered after the Supreme Court's decision

in *United States v. Booker*, 543 U.S. 220 (2005).

After taking into account all of the amendments to §§ 1B.10 & 2D1.1, the

Court finds that Defendant's sentencing range will remain the same.  The amended

guidelines do not lower Defendant's offense level.  For sentencing purposes, Defendant was attributed with 444 grams of cocaine base.  Under the guidelines as amended by Amendment 750, a drug weight of 444 grams yields a base offense of thirty-two (32), the same level that was used to calculate Defendant's sentencing range in 2009.[4]  In effect, Defendant is not entitled to a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2), because Defendant's sentencing range under the amended Guidelines has not changed.  Accordingly, Defendant's motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) is DENIED.

## II. Motion to Reduce Sentence to Reflect a 1:1 Cocaine Base-to-Powder Cocaine Ratio

Defendant has also filed a motion to reduce his sentence to reflect a 1:1 cocaine base-to-powder cocaine ratio.  In support of his motion, Defendant cites a disparity chart and an announcement by Lanny Breuer, the former Assistant Attorney General for the Criminal Division of the U.S. Department of Justice, that the Department of Justice supports a 1:1 crack-to-powder ratio. The Defendant is correct that this Court has the discretion to apply a 1:1 ratio at the original sentencing hearing.  *See Kimbrough v. United States*, 552 U.S. 85, 128 S. Ct. 558 (2007).  However, the Defendant is moving the Court for a

---

[4] Under the 2009 Sentencing Guidelines, at least 150 grams but less than 500 grams of cocaine base yielded a base offense level of thirty-two (32).  Under the guidelines as amended by Amendment 750, at least 280 grams but less than 840 grams of cocaine base results in a base offense level of thirty-two (32). 444 grams of crack cocaine yields a base offense level of thirty-two (32) under both sets of guidelines. U.S.S.G. § 2D1.1(c)(4).

retroactive modification of his sentence, and this Court is limited by statute

which provides in pertinent part:

> The Court may not modify a term of imprisonment once it has been imposed except that—
> (1)   In any case—
>       (A)   The court, upon motion of the Director of the Bureau of Prisons may reduce the term of imprisonment . . . .
>       (B)   The court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>       (C)   In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . .

18 U.S.C. § 3582.  The Court does not have the authorization to retroactively

lower Defendant's sentence to reflect a 1:1 crack-to-powder ratio.  As discussed

above, Defendant's sentencing range was not subsequently lowered by the

Sentencing Commission.  Furthermore, neither the Government nor the Bureau of

Prisons has moved this Court for a modification of Defendant's sentence.  "In

general, a court lacks authority to modify a term of imprisonment 'once it has been

imposed.'" *United States v.* Munn, 595 F.3d 183, 187 (4th Cir. 2010); *see United

States v. Smith*, No. 7:03-cr-093-1F, 2010 WL 2632006 (E.D.N.C. June 30,

2010) (quoting *United States v. Davis*, No. 3:02-00069-02, 2009 U.S. Dist. LEXIS

99023, at *4 (S.D.W. Va. Oct. 22, 2009) ("'retroactive modification of a sentence

is strictly limited by 18 U.S.C. § 3582(c)' . . . [T]he court does not now have the

authority to treat Defendant's motion for a reduction of his sentence pursuant to a

1:1 ratio as if it were a matter heard during original sentencing. . . ."). Accordingly,

Defendant's motion for a reduction of his sentence to reflect a 1:1 crack-to-powder ratio is DENIED.

**IT IS THEREFORE ORDERED** that Defendant's motions to reduce his sentence are DENIED.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

April  3 , 2013
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL DECISION

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Defendant has the right to appeal this Order within **fourteen (14)** days from the date of its entry.  Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**